UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

THE ANNUITY, WELFARE and          :
APPRENTICESHIP SKILL IMPROVEMENT  :
& SAFETY FUNDS of the             :
INTERNATIONAL UNION OF OPERATING  :
ENGINEERS, LOCAL 15, 15A, 15C and :
15D, AFL-CIO, by its TRUSTEES     :
JAMES T. CALLAHAN, WILLIAM H.     :
HARDING, FRANCIS P. DIMENNA and   :
ROBERT SHAW, and JOHN and         :
JANE DOE, as Beneficiaries        :
of the ANNUITY, WELFARE and       :
APPRENTICESHIP SKILL IMPROVEMENT  :
& SAFETY FUNDS of the             :
INTERNATIONAL UNION OF OPERATING  :
ENGINEERS, LOCAL 15, 15A, 15C     :
and 15D, AFL-CIO,                 :
                                  :
                                  :   06 Civ. 0781 (RJH)(THK)
            Plaintiffs,           :
                                  :   **REPORT AND**
        -against-                 :   **RECOMMENDATION**
                                  :
                                  :
NEW YORK RECYCLING, INC.,         :
                                  :
            Defendant.            :
                                  :
-----------------------------------X

**TO:**   **HON. RICHARD J. HOLWELL, UNITED STATES DISTRICT JUDGE.**
**FROM:** **THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action was referred to this Court for an inquest on damages, after Plaintiffs' motion for a default judgment was granted because Defendant failed to respond to the Complaint or otherwise appear in the action. (See Order, dated Oct. 31, 2006.) The Court directed Plaintiffs to submit proposed findings with respect to the damages being sought; demonstrate how the damage claim was arrived at; provide legal support for the amount and type

1

of damages, and other relief being sought; and to submit an affidavit and competent evidence in support of the claimed damages. (See Letter-Directive, dated Nov. 17, 2006.) In support of their request for damages, on December 8, 2006, Plaintiffs filed a memorandum of law, accompanying affidavits, and contemporaneous attorney time records. Defendant failed to submit any opposition to Plaintiffs' damages request. Moreover, correspondence from the undersigned to Defendant was returned to the Court marked: "not deliverable as addressed; unable to forward."[1]

For the following reasons, this Court respectfully recommends that Plaintiffs recover attorneys' fees and costs from Defendant in the amount of \$1,842.50.

## BACKGROUND

As a result of Defendant's default, the following allegations of the Complaint are deemed admitted. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (for purposes of an inquest following a default judgment, a court must accept as true all of the factual allegations of the complaint, except those relating to damages); accord Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Au Bon Pain Corp. v. Artect, 653 F.2d 61, 65 (2d Cir. 1981).

This action arises under Sections 502 and 515 of the Employee

---

[1] Plaintiff's counsel has advised the Court that he does not believe that Defendant is still in business.

2

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. (See Complaint ("Compl.") ¶¶ 1-3.) Plaintiffs are trustees of the Local 15 Annuity, Welfare, Apprenticeship Skill Improvement and Safety Funds ("the Funds") for the International Union of Operating Engineers, Local 15, 15A, 15C, and 15D ("Local 15"). (See id. ¶¶ 3-5.) The Funds are jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements. (See id. ¶¶ 6-12.) The Funds are employee benefits plans under ERISA. (See id. ¶¶ 7, 8, 10.) Defendant New York Recycling, Inc. is a corporation which did business as an employer within the meaning of ERISA. (See id. ¶ 14.)

Defendant executed a collective bargaining agreement ("CBA") with Local 15 (see id. ¶ 16; CBA, attached as Exhibit ("Ex.") A to Affidavit of James M. Steinberg, Esq., dated Dec. 8, 2006 ("Steinberg Aff.")), which obligated Defendant to comply with Local 15's Trust Agreements by (1) "mak[ing] payments to the Funds based upon an agreed sum or percentage of its payroll worked or wages paid," and (2) "report[ing] such employee hours and wages to the Funds" (see Compl. ¶ 18; Agreement and Declaration of Trust of the Annuity Fund of the International Union of Operating Engineers, Local Unions 15, 15A, 15C, 15D, AFL-CIO ("Trust Agreement"), attached as Ex. B to Steinberg Aff., Art. 5 § 3). Pursuant to the Trust Agreement, Defendant was also obligated to furnish Plaintiffs

3

with wage records and written reports and to allow Plaintiffs to examine its books and records. (See Compl. ¶¶ 19-20; Trust Agreement, Art. 5 §§ 4-5.) Defendant has repeatedly refused to schedule an audit for the period of August 1, 2002 through June 30, 2005. (See Compl. ¶ 22.) Defendant has also failed to make the mandatory contributions to the funds, but the amount owed cannot be determined because of Defendant's failure to comply with the audit requirements of the Trust Agreement. (See id. ¶ 24.)

## DISCUSSION

### I. Damages

For purposes of an inquest following the entry of a default judgment, the sole issue is whether a plaintiff has provided adequate support for the relief it seeks. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080, 113 S. Ct. 1049 (1993); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986). The relief granted upon the default of a party may not differ in kind from, or exceed the amount of, the relief sought in the complaint. See Fed. R. Civ. P. 54(c); see also The Semi-Conductor Materials, Inc. v. Agric. Inputs Corp., No. 96 Civ. 7902 (LAK)(AJP), 1997 WL 566083, at *2 (S.D.N.Y. Aug. 19, 1997); Commerical Bank of Kuwait v. Rafdain Bank, No. 91 Civ. 6500 (LBS)(JCF), 1993 WL 597380, at *1 (S.D.N.Y. Apr. 7, 1993); Marina B Creation S.A. v. de Maurier, 685 F. Supp. 910, 912 (S.D.N.Y. 1988); 10 Wright, Miller & Kane, Fed.

4

Prac. and Proc.: Civil 2d § 2663, at 140 ("[A] default judgment may

not extend to matters outside the issues raised by the pleadings or

beyond the scope of the relief demanded.") (footnotes omitted).

ERISA both requires employers to make contributions to multi-

employer plans in accordance with governing agreements, 29 U.S.C.

§ 1145, and authorizes a civil action in the district courts by

fiduciaries of a complaining pension fund, 29 U.S.C. § 1132. Under

29 U.S.C. § 1132(g)(2), in an action

> by a fiduciary for or on behalf of a plan . .
> . in which a judgment in favor of the plan is
> awarded, the court shall award the plan -- (A)
> the unpaid contributions, (B) interest on the
> unpaid contributions, (C) an amount equal to
> the greater of -- (i) interest on the unpaid
> contributions, or (ii) liquidated damages
> provided for under the plan in an amount not
> in excess of 20 percent . . . of the amount
> determined by the court under subparagraph
> (A), (D) reasonable attorney's fees and costs
> of the action, to be paid by the defendant,
> and (E) such other legal or equitable relief
> as the court deems appropriate.

These remedies are also incorporated into the Trust Agreement

entered into by Defendant and Local 15. (See Collection & Audit

Procedures, Section I, attached as Ex. C to Steinberg Aff.)

A court may award damages pursuant to 29 U.S.C. § 1132(g)(2),

however it may not do so when there is no reasonable basis on which

to ascertain the amount owed. "Although damages do not have to be

proven with mathematical precision, before a party can recover, the

amount of damages must be demonstrated with 'reasonable certainty.'

The 'reasonable certainty' requirement demands that the plaintiff

demonstrate more than 'merely speculative, possible or imaginary' damages." Boyce v. Soundview Tech. Group, Inc., No. 03 Civ. 2159 (HB), 2004 WL 2334081, at *3 (S.D.N.Y. Oct. 14, 2004) (citing Schonfeld v. Hilliard, 218 F.3d 164, 172 (2d Cir. 2000)). In the instant case, because Defendant has failed to comply with audit requests, Plaintiffs have acknowledged that the amount of money owed to the Trusts, as well as the amount of interest owed, if any, is unascertainable at this time. Moreover, because Defendant is no longer engaged in business, Plaintiffs have conceded that it would be futile to issue an order requiring Defendant to comply with its audit obligations. Thus, attorneys' fees and costs are the only damages that can be demonstrated with reasonable certainty.

A. Attorneys' Fees

Plaintiffs seek reimbursement for the attorneys' fees incurred in this action. (See Compl. ¶ 28(c);[2] Steinberg Aff. ¶ 6.) ERISA provides for a mandatory award of attorneys' fees to be paid by a defendant, where a plaintiff fund or fiduciary receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Iron Workers Dist. Council of W. N.Y. and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1506 (2d Cir. 1995); Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting, No. 98 Civ. 5056 (RLC), 2000 WL 23506, at *6 (S.D.N.Y. Jan. 13, 2000); Mason Tenders v. Envirowaste, No. 98

---

[2]This Paragraph is incorrectly numbered as "1" in the Complaint.

6

Civ. 4040 (DC), 1999 WL 370667, at *2 (S.D.N.Y. June 7, 1999);

Bricklayers Dist. Council Welfare Fund v. Capri Const. Corp., No.

93 Civ. 2904 (SS), 1995 WL 72403, at *3 (S.D.N.Y. Feb. 10, 1995);

Mason Tenders v. Best, No. 90 Civ. 6204 (RJW), 1992 WL 236179, at

*2 (S.D.N.Y. Sept. 9, 1992). (See also Collection & Audit

Procedures, § I.) Although the award of fees is mandatory, the

amount of the fees is discretionary, and is to be determined using

a  traditional  lodestar  analysis.[3]    See  Mason  Tenders  v.

Envirowaste, 1999 WL 370667, at *2; DeVito v. Hempstead China Shop,

Inc., 831 F. Supp. 1037, 1042 (E.D.N.Y. 1993); Bourgal v. Lakewood

Haulage Inc., 827 F. Supp. 126, 129 (E.D.N.Y. 1993).

Under the "lodestar" method, the court multiples the number of

hours reasonably spent by an attorney by an appropriate hourly

rate.  See City of Burlington v. Dague, 505 U.S. 557, 559, 112 S.

---

[3]The Second Circuit recently abandoned the use of the
lodestar analysis in favor of a presumptively reasonable fee,
which takes a variety of factors into account, many of which were
relevant to a lodestar calculation.  See Arbor Hill Concerned
Citizens Neighborhood Ass'n v. County of Albany, --- F.3d ----,
2007 WL 2004106, at *7 (2d Cir. 2007) ("The meaning of the term
'lodestar' has shifted over time, and its value as a metaphor has
deteriorated to the point of unhelpfulness.  This opinion
abandons its use.  We think the better course-and the one most
consistent with attorney's fees jurisprudence-is for the district
court, in exercising its considerable discretion, to bear in mind
all of the case-specific variables that we and other courts have
identified as relevant to the reasonableness of attorney's fees
in setting a reasonable hourly rate.  The reasonable hourly rate
is the rate a paying client would be willing to pay. . . . The
district court should then use that reasonable hourly rate to
calculate what can properly be termed the 'presumptively
reasonable fee.'") (footnote omitted).  For purposes of this
case, this Court finds the presumptively reasonable fee to be
equivalent to a fee calculated under the lodestar analysis.

7

Ct. 2638, 2640 (1992); <u>Cruz v. Local Union No. 3 of the Int'l Bhd.
of Elec. Workers</u>, 34 F.3d 1148, 1159 (2d Cir. 1994); <u>Cohen v. W.
Haven Bd. of Police Comm'rs</u>, 638 F.2d 496, 505 (2d Cir. 1980);
<u>Scalon v. Kessler</u>, No. 97 Civ. 1140 (CBM), 1998 WL 726047, at *3
(S.D.N.Y. Oct. 14, 1998); <u>Chatin v. State of N.Y.</u>, No. 96 Civ. 420
(DLC), 1998 WL 293992, at *1 (S.D.N.Y. June 4, 1998). To determine
whether time was reasonably spent, the court must evaluate the
tasks and the time documented in counsel's contemporaneous time
records in light of its general experience and its experience with
the case. <u>See N.Y. State Ass'n for Retarded Children v. Carey</u>, 711
F.2d 1136, 1146-1148 (2d Cir. 1983); <u>Toys "R" Us, Inc. v. Abir</u>, No.
97 Civ. 8673 (JGK), 1999 WL 61817, at *1 (S.D.N.Y. Feb. 10, 1999).
The reasonable hourly rate is ordinarily determined by the
prevailing rates in the community for similar services by lawyers
with similar skill, experience, and reputation. <u>See Cruz</u>, 34 F.3d
at 1159; <u>Cohen</u>, 638 F.2d at 505; <u>Chatin</u>, 1998 WL 293992, at *1.

In the present action, Plaintiffs seek $1,437.50 in attorneys'
fees. (<u>See</u> Steinberg Aff. ¶ 6.) In support of this request,
Plaintiffs' counsel has submitted a sworn declaration, which
documents his hourly rates and the number of hours worked, in
addition to contemporaneous time records showing the work
performed. (<u>See</u> Affidavit of James M. Steinberg in Support of
Awarding Costs & Attorneys' Fees, dated Dec. 8, 2006, ("Steinberg
Fees Aff.") ¶¶ 3-8.)

8

Plaintiffs seek reimbursement for work done in preparing the Complaint and preparing the Memorandum of Law and affidavits for the motion for a default judgment and inquest.  Specifically, the fees sought are as follows:

| Attorney | Hourly Rate | # of Hours | Total |
|---|---|---|---|
| James M. Steinberg | $250 | 5.75 | $1437.50 |

Having reviewed the contemporaneous time records, the Court finds the amount of time spent to be reasonable.

With respect to counsel's hourly rates, the Court finds that they are consonant with prevailing rates for attorneys in New York with similar experience.  Steinberg has been practicing in the field of labor and employee benefits law for over eleven years, and bills at an hourly rate of $250 per hour (see Steinberg Fees Aff. ¶¶ 2-3).  The hourly rate of $250 per hour is reasonable.  See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 97 (2d Cir. 2006) (finding $325 to be a reasonable hourly rate for an ERISA attorney); Marisol A. ex rel. Forbes v. Giuliani, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000) (finding that "a reasonable rate scale is . . . $230-250 for attorneys with seven to nine years of experience."); cf. Loscale v. Port Auth. of N.Y. & N.J., No. 97 Civ. 0704 (JGK), 1999 WL 587928, at *7 (S.D.N.Y. Aug. 4, 1999)(finding that a rate of $250 per hour was reasonable for a lawyer who had been practicing since 1984).

Accordingly, I respectfully recommend that Plaintiffs be

9

awarded $1437.50 in attorney's fees.

B. <u>Costs</u>

Plaintiffs seek $405 for costs incurred in bringing this action. (<u>See</u> Compl. ¶ 28(c); Steinberg Aff. ¶ 6; Steinberg Fees Aff. ¶ 8.) ERISA provides that prevailing plaintiffs are entitled to an award of costs. <u>See</u> 29 U.S.C. § 1132(g)(2)(D); <u>see also</u> <u>Iron Workers</u>, 68 F.3d at 1506; <u>Mason Tenders v. Envirowaste</u>, 1999 WL 370667, at *2; <u>Mason Tenders v. Best</u>, 1992 WL 236179, at *2. (<u>See also</u> Collection & Audit Procedures, § IV(6).) Although the amount of any such award rests within the court's discretion, the award itself is mandatory. <u>See</u> 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs seek as costs the $250 fee for filing the Complaint in this Court and the $155 fee for service of process. (<u>See</u> Steinberg Fees Aff. ¶ 8.) These costs were reasonably incurred in commencing this action. <u>Cf.</u> <u>Bricklayers v. Capri</u>, 1995 WL 72403, at *4 (awarding costs of the $120 filing fee and $40 service of process fee); <u>Bricklayers v. Pony</u>, No. 92 Civ. 1663 (PKL), 1995 WL 693262, at *4 (S.D.N.Y. Nov. 22, 1995)(same).

Accordingly, I respectfully recommend that Plaintiffs be awarded $405.00 in costs.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiffs be awarded attorneys' fees and costs in the amount of $1,842.50. The Court does not recommend the award of damages

10

because there is no evidence to support any damages to which

Plaintiffs may be entitled.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the
Federal Rules of Civil Procedure, the parties shall have ten days
from service of this Report to file written objections. See also
Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with
the Clerk of the Court, with extra copies delivered to the chambers
of the Honorable Richard J. Holwell, U.S.D.J., and to the chambers
of the undersigned, Room 1660. Any requests for an extension of
time for filing objections must be directed to Judge Holwell.
Failure to file objections will result in a waiver of those
objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140,
149-52, 106 S.Ct. 466, 472-473 (1985), reh'g denied, 474 U.S. 1111,
106 S.Ct. 899, (1986); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d
1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S.Ct. 86
(1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert.
denied, 506 U.S. 1038, 113 S.Ct. 825 (1992); Small v. Sec'y of
Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:    August 2, 2007
          New York, New York

11

Copies sent to:

James M. Steinberg, Esq.
Brady McGuire & Steinberg, P.C.
603 Warburton Avenue
Hastings-on-Hudson, NY 10706

New York Recycling, Inc.
2 Bay Boulevard
Inwood, NY 11096